Nina Rabin, AZ Bar #025246
Workers' Rights Clinic
University of Arizona Rogers College of Law
1145 N. Mountain Ave.
Tucson, AZ 85719
Telephone: (520) 621-9206
Fax: (520) 626-5233
rabin@email.arizona.edu

*Attorney for plaintiff*

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

|  |  |
|---|---|
| ARMIDA FIMBRES | Case No. _____ |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND ARIZONA'S MINIMUM WAGE LAW |
| v. | |
| LORNA SWEET; PREMIER MANAGEMENT SERVICES; JAMES J. STEARNS, AND EDNA STEARNS | |
| Defendants. | |

## **INTRODUCTION**

1. This is an action by plaintiff Armida Fimbres, hereinafter referred to as "plaintiff," against her former employers, Premier Management Services, Lorna Sweet, James J. and Edna H. Stearns (hereinafter collectively referred to as "defendants").

2. Plaintiff was employed by defendants as a resident manager of the Amphi Gardens Apartment Complex located at 2923 N. Euclid Avenue in Tucson, Arizona. She performed work for defendants from November 2015 through August 2016 for which she

was compensated at an hourly wage that was less than the Arizona and federal minimum wage rates.

3. Plaintiff brings this action in order to recover damages arising out of defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Arizona's Minimum Wage Law, A.R.S. § 23-362, et seq.

4. Specifically, plaintiff seeks remedies for failure to pay overtime wages and payment at a rate that was less than the Arizona and federal minimum wage rates. Plaintiff's recovery includes liquidated, compensatory and punitive damages, prejudgment interest, and costs and attorneys' fees, as provided by law.

## JURISDICTION AND VENUE

5. This complaint alleges causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C § 1331. This complaint also alleges causes of action under Arizona state laws that arise out of the same set of operative facts as the federal cause of action. Accordingly, this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c), because defendants conduct business in this District and because defendants failed to pay Plaintiff's wages for services performed in this District.

## PARTIES

7. Plaintiff is an individual who, at all times relevant to the instant action, has been a resident of Tucson, Arizona.

8. Plaintiff was employed by defendants as the resident manager at Amphi Gardens Apartment Complex located at 2923 N. Euclid Avenue in Tucson, Arizona from approximately November 2015 through August 2016.

9. Defendant Lorna Sweet is an individual and the owner of defendant Premier Management Services. Ms. Sweet hired plaintiff, provided the materials necessary for plaintiff to perform her work, supervised and directed all aspects of plaintiff's work and compensation, and had the authority to hire, discipline, or terminate the plaintiff's employment.

10. Defendant Premier Management Services is a sole proprietorship owned by defendant Lorna Sweet that provides property management services for Amphi Gardens Apartment Complex, located at 2923 N. Euclid Avenue, where plaintiff performed the work that is the subject of this complaint and which is owned by defendants James J. Stearns and Edna Stearns.

11. Defendant James J. Stearns is an individual. He is believed to be a resident of San Pedro, California, who, along with defendant Edna Stearns, jointly owns a fifty percent share of 2923 N. Euclid Avenue in Tucson, Arizona, where plaintiff was employed. He had the authority to set conditions of employment, rates of compensation, and to discipline or terminate plaintiff's employment. He is believed to be the spouse of defendant Edna Stearns.

12. Defendant Edna Stearns is an individual. She is believed to be a resident of San Pedro, California, who, along with defendant James J. Stearns, jointly owns a fifty percent share of 2923 N. Euclid Avenue in Tucson, Arizona, where plaintiff was employed. She had the authority to set conditions of employment, rates of compensation and to discipline or terminate plaintiff's employment.

**FACTUAL ALLEGATIONS**

13. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.

14. Plaintiff worked as resident manager at Amphi Gardens Apartment Complex, at 2923 N. Euclid Avenue, Tucson, Arizona, where she collected rent payments, facilitated repairs and maintenance of the property, advertised available apartments on the internet, staffed the complex office, showed apartments to potential tenants, responded to inquiries about apartment availability, and responded to tenant complaints and requests.

15. Plaintiff worked approximately forty hours each week during her entire employment with defendants.

16. Plaintiff lived at the address where she worked. She was compensated for her work in the form of her rent, which was valued at $625 per month. She also received an additional $100 payment each month. In total, defendants compensated plaintiff at a rate of $725 per month for her work.

17. Plaintiff's hourly compensation amounted to less than the Arizona and federal minimum wage rates for every hour she worked for defendants, including, but not limited to, every week in the month of December 2015.

18. Defendants willfully ignored the possibility that federal and state law required their employees to be paid the minimum wage.

19. By willfully failing to pay minimum wage, defendants enjoyed ill-gained profits at the expense of the plaintiff.

20. Defendants failed to maintain accurate records of the hours worked and wages owed to the plaintiff. Defendants failed to provide the plaintiff with accurate records of the wages earned and hours worked upon request.

21. At all times relevant hereto, plaintiff was an employee regularly engaged in the instrumentalities of interstate commerce in that she engaged in interstate internet and telephone communications to perform her duties.

22. At all times relevant hereto, defendants employed plaintiff in an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and have had an annual gross volume of sales made or business done of not less than $500,000.

23. Defendants were, at all times relevant hereto, plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. § 23-362.

24. Defendants Premier Management, Lorna Sweet, James J. Stearns, and Edna Stearns were at all times relevant hereto joint employers of plaintiff within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2 and are jointly and severally liable to the plaintiff for violations of her rights under the FLSA and Arizona law.

# FIRST CLAIM FOR RELIEF:

**FAILURE TO PAY THE MINIMUM WAGE AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et seq.***

25. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.

26. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of employees to receive a wage that is not less than $7.25 per hour.

27. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain records of the hours worked and wages earned by their employees.

28. Defendants suffered or permitted Plaintiff to work forty hours a week for their business and did not pay her the minimum wage for the hours that she worked.

29. Defendants did not maintain accurate records of plaintiff's hours worked, as required by 29 U.S.C. § 211(c).

30. Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.

31. Plaintiff has been harmed as a result of defendants' violations of the FLSA. She has suffered financial damage and emotional distress due to defendants' refusal to pay her as required by FLSA.

32. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), plaintiff seeks unpaid wages at the required legal rate for all of her working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs and compensatory and punitive damages allowed by law.

## SECOND CLAIM FOR RELIEF:

**FAILURE TO PAY THE MINIMUM WAGE AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. 23-362 *et seq.***

33. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

34. The Arizona Minimum Wage Act, A.R.S. §§ 23-363(A), (B), establishes the minimum wage that employers in Arizona must pay to their employees.

35. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D), requires employers to post notices informing employees of their rights under the Act.

36. Section 23-364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires employers to maintain records of their employees' wages earned and hours worked for four years and establishes a rebuttable presumption that the employer did not pay the minimum wage if the employer fails to maintain such records. Section 23-364(D) further requires that the employer permit the employee or her representative to "inspect and copy" payroll records upon request.

37. Defendants paid plaintiff an hourly wage that was less than the Arizona minimum wage for every hour plaintiff performed labor for defendants, in violation of A.R.S. §§ 23-363.

38. Defendants failed to maintain accurate records of plaintiff's hours worked and failed to disclose payroll records when they were requested by plaintiff's representative, in violation of A.R.S. § 23-364(D).

39.  Plaintiff has been harmed as a result of defendants' violations of the Act, including loss of earnings and emotional distress, all of which will be proven at trial.

40. Based on the foregoing and pursuant to A.R.S. § 23-364, plaintiff seeks unpaid wages at the required legal rate for all of her working hours during the relevant time period, and an additional amount equal to twice the underpaid wages, prejudgment interest, attorneys' fees and litigation costs, and all other costs, penalties and damages allowed by law.

## **PRAYER FOR RELIEF**

***WHEREFORE, plaintiff Armida Fimbres respectfully requests that this Court:***

A.      Award Ms. Fimbres damages for unpaid minimum wage, plus liquidated damages in an equal amount, plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

B.      Award Ms. Fimbres the full amount of wages, plus an additional amount equal to twice the underpaid wages owed in violation of Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. § 23-364(F);

C.      Award attorneys' fees and costs to Ms. Fimbres for legal services provided by the University of Arizona Workers' Rights Clinic pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(G);

D.      Grant such additional and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of January of 2017.

BY: _____/s/_____
       Nina Rabin
       Attorney for plaintiff